GEORGE W. SARSON, APPELLANT, v. WILLIAM MUELLER,
RESPONDENT.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellant, *J. M. Roseberry & Son.*

For the respondent, *Smith & Smith.*

The opinion of the court was delivered by

LLOYD, J. This is the second action brought on a contract between the plaintiff and defendant concerning timber on defendant's wood-lots. The first action was in the form of trover and conversion to recover the value of the timber, some of which had been cut and some remained standing. That action resulted in a verdict for the plaintiff, which was reversed here, this court holding that in so far as the standing timber (being part of the realty) was involved, trover and conversion was not the proper remedy, this action being available only for the recovery of the value of personal property. *Sarson* v. *Mueller,* 102 *N. J. L.* 206.

The present action was then instituted for the value of two carloads of mine props and ties that had been cut and for the value of the standing timber on the land, the action being based as before on the following receipt given by the defendant to plaintiff:

"Received Feb. 6th, 1922, of George W. Sarson, six hundred and seventy-five dollars for the timber now on a certain wood-lot I bought this day of Peter S. Walters, being a lot in Franklin township, Warren county, New Jersey, containing forty-three acres more or less adjoining other lands of mine and others, and along the public road leading from Broadway to Montana. Said Sarson not to cut any less than seven inches in circumference at butt and not to cut nor remove any timber less than five inches in circumference at top and to have the above timber removed in two years from date.

WILLIAM MUELLER."

A portion of the timber was cut and a portion remained uncut at the expiration of the two years' period. Before the expiration of the time stated the plaintiff testified that the defendant agreed to extend the right for another year. He further testified that just before the expiration of the two years an extension of two months beyond the two-year period was accorded to the plaintiff. When the two years were up the defendant gave notice to the plaintiff to keep off the premises and to cut no more timber from the woodlot.

In this situation the plaintiff instituted the action in trover and conversion, the history of which has been recited above. Upon the judgment of reversal of that case the present action was begun. At the conclusion of the proofs in the present case the learned trial judge, deeming that the case was controlled by the decision in this court, directed a verdict for the defendant.

We think this was a misconception of our earlier decision and that the case should have gone to the jury as to the cut timber, and this quite irrespective of the extensions of time which were testified to by the plaintiff. In the case of *Wyckoff* v. *Bodine,* 65 *N. J. L.* 95, it was held by the Supreme Court that timber cut under a similar right and left on the owner's land after the expiration of the time within which it was to be removed did not give the owner of the land the right to refuse permission to the purchaser to take it, and that an action of replevin would lie therefor.

The reversal in this court of the former action was predicated wholly upon the fact that in the first trial the court permitted a recovery for the standing timber, and the Wyckoff case is in nowise questioned as an authority respecting the timber that had been already cut. The case of *Slocum* v. *Seymour,* 36 *N. J. L.* 138, decided that a sale of standing timber until actually cut is a transfer of an interest in realty. The Wyckoff case recognizes this rule and accords to the purchaser a right in the timber as a chattel only after severance from the freehold, and Judge Kays, in the opinion reversing the former trial, aptly remarks that "the case of Wyckoff *v.* Bodine * * * expresses no contrary view to the case of Slocum *v.* Seymour," and he winds up his opinion in this wise: "We are therefore of the opinion that the grounds for reversal urged by the defendant in so far as the same relate to the right of the plaintiff to maintain an action of trover and conversion against the defendant for standing timber are well founded."

From the foregoing it is quite apparent that this court intended to leave unimpaired the right of the plaintiff to recover for the timber that had been already cut, and the judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.